He.ple

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/72
Telecopier: (671) 472-7334

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 06-00118 |
| Plaintiff, | |
| vs. | AMENDED<br>PLEA AGREEMENT |
| JING HUA HE, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, JING HUA HE, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Counts I and II of an Indictment charging her with Alien Smuggling in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii).

2(a) The defendant, JING HUA HE, understands that each alien smuggled in connection with the charge of Alien Smuggling for Financial Gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), constitutes a separate offense. Defendant understands that for the first and second such offenses, the <u>maximum</u> sentence is a term of ten (10) years imprisonment, with a mandatory minimum term of three (3) years incarceration, a $250,000 fine, and a $100 special

- 1 -

assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if she violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence her up to an additional two years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

2(b) The defendant, JING HUA HE, understands that the <u>maximum</u> sentence for Alien Smuggling for Financial Gain, in violation of 8 U.S.C. § 1324(a)(2)(B0(ii), for the third and subsequent offenses, is a term of fifteen (15) years incarceration, with a mandatory minimum term of five (5) years incarceration, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if she violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence her up to an additional two years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

2(c) Defendant understands that these terms of incarceration may run consecutively. In return for defendant pleading guilty, the government will recommend she receive a term of three (3) years incarceration for the first two alien offenses, a term of five (5) years incarceration for the third and subsequent offenses, with all to run concurrently.

2(d) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that to establish a violation of Alien Smuggling for Financial Gain, as charged pursuant to 8 U.S.C. § 1324(a)(2)(B)(ii), the government must prove each of the following elements beyond a reasonable doubt:

-2-

alien into the United States;
First: the defendant brought a person who was an alien to the United States;
Second: the defendant knew the person was an alien;

Third: the defendant knew or was in reckless disregard of the fact that the alien had not received prior official authorization to come to, enter or reside in the United States; and
Fourth: the defendant acted with the intent to violate the United*

Fifth: ~~Fourth:~~ the defendant committed this offense for the purpose of commercial advantage or private financial gain.

4. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts she stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1969, and is a citizen of the People's Republic of China.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing her punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable Guidelines range.

(c) Defendant approached Brett Halstead, a resident of Saipan, about smuggling aliens, citizens of the People's Republic of China, into Guam. She offered Halstead $9,500 cash plus $500 for fuel, if he would make the trip. Defendant recruited five aliens, who paid her $4,000 each to be transported to Guam. Halstead, who worked for a dive boat company, transported five aliens, the subject of Count I, to Guam on October 28, 2006, and dropped them off on the shoreline near Two Lovers Point. When he returned to Saipan, defendant gave Halstead $9,500 cash as payment for his services. Defendant then asked Halstead if he would be willing to make another trip, to which he agreed. Defendant recruited 31 aliens, all citizens of the People's Republic of China, and charged them $4,000 each to be smuggled into Guam. On December 15, 2006, she delivered these 31 aliens to the dock, where Halstead loaded them onto his boat in

*States Immigration Laws;

preparation for the trip to Guam. Defendant knew that all of these people were aliens, and that none of them had prior official permission to come to, enter or reside in the United States.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by her counsel or any other person, such discrepancies are not a basis to withdraw her guilty plea.

5. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. She agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines. The defendant agrees that the government has bargained for a criminal conviction arising from her conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which she was convicted to be non-criminal, defendant agrees that she will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

6. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) Her right to be represented by an attorney;

(c) Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her,

and the right not to be compelled to incriminate herself, that is, the right not to testify;

(d) That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that she may not withdraw her guilty plea even if the court does not accept the sentencing recommendations of the government or her counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

(g) That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(h) The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

//
//
//
//
//
//
//
//
//
//
//
//

(i) This plea agreement has been translated into her native language and she fully understands it.

DATED: 2-19-07

JING HUA HE
Defendant

DATED: 2-19-07

SAMUEL S. TEKER
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 2/20/07     By:

KARON V. JOHNSON
Assistant U.S. Attorney

DATED: 2/20/07

JEFFREY S. STRAND
First Assistant U.S. Attorney

-6-